# United States District Court

_____DISTRICT OF_____DELAWARE_____

UNITED STATES OF AMERICA

              v.

JERRY LEE HOLMAN

Criminal Complaint 08-92-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about May 9, 2008, in New Castle County, in the District of Delaware, defendant, Jerry Lee Holman did buy, sell, exchange, transfer, receive and deliver false, forged, and counterfeited obligations of the United States, to wit five (5) one hundred-dollar ($100.00) Federal Reserve Notes, Series 1996, Serial Number AB75569772K, and twenty (20) fifty-dollar ($50.00) Federal Reserve Notes, Series 2001, Serial Number CF16998361A, with the intent that the same be passed, published, or used as true and genuine, in violation of Title 18, United States Code, Section 473 and 2.

I further state that I am a(n) Special Agent, with the United States Secret Service, and that this complaint is based on the following facts: **SEE ATTACHED AFFIDAVIT**
Continued on the attached sheet and made a part hereof:   YES

_____
Signature of Complainant
Andrew Balcenuik
Special Agent

Sworn to before me and subscribed in my presence,

May 9, 2008                    at    Wilmington, DE
Date                                 City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer          Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT ANDREW BALCENIUK

I, Andrew Balceniuk, being duly sworn, depose and say:

1. Your affiant is a Special Agent with the U.S. Secret Service and has been so employed since October 2002. Your affiant is currently assigned to the Wilmington, Delaware Resident Office. Your affiant's duties include the identification and investigation of counterfeit U.S. currency production. Your affiant has received approximately six months of field and classroom training in the identification and investigation of various counterfeit U.S. currency schemes perpetrated to pass counterfeit U.S. currency for fraudulent gain.

2. This affidavit is submitted in support of a criminal complaints charging Jerry Holman and Steven Taylor with Dealing in Counterfeit Obligations or Securities, in violation of 18 U.S.C. § 473. The allegations set forth in this affidavit are based upon my personal knowledge, as well as upon information obtained from law enforcement officers, investigators, witnesses and other parties and sources. Your affiant has not included every fact of which I am aware concerning this investigation, but only those facts necessary to support probable cause to believe that the alleged counterfeit violations occurred.

3. On April 24, 2008, New Castle City, Delaware Police Department ("NCPD") arrested a man for selling crack cocaine (hereinafter "the CI"). A search incident to arrest revealed that the CI was in possession of a counterfeit $100.00 Federal Reserve Note (FRN). Your affiant responded to NCPD and interviewed the CI, the CI having been reminded of his *Miranda* rights by your affiant after previously waiving those rights before NCPD detectives. During the interview the CI admitted that he had bought the $100 counterfeit FRN from "Ted," later identified as Ted Swan. The CI stated that he was at Swan's house in New Castle, Delaware a few days prior to his arrest, when Swan brought up the subject of counterfeit currency. When the CI expressed interested in purchasing counterfeit currency, Swan telephoned his neighbor from across the street. The CI witnessed the neighbor walk across the street to Swan's residence at which time the neighbor presented the CI with $170.00 in counterfeit FRNs. After discussing the quality of the counterfeit FRNs, a deal was struck to purchase an additional $200.00 in counterfeit FRNs for $30.00 in genuine currency between the CI and the neighbor. The CI observed Swan and his neighbor walk over to the neighbor's house, and he observed Swan return with the additional $200.00 in what he was told were counterfeit FRNs. After admitting his own criminal conduct, the CI agreed to cooperate with NCPD, and the CI further agreed to contact Swan in an attempt to purchase more counterfeit FRNs.

4. On May 1, 2008, your affiant observed a meeting in which the CI and a New Castle City Detective, acting in an undercover capacity, met with Swan at the Happy Harry's Pharmacy located on Route 13 South in New Castle, Delaware. During this meeting, the undercover New Castle City Detective gave Swan $40.00 in genuine FRNs in return for $250.00 in counterfeit FRNs.

5. On May 5, 2008, your affiant and the same New Castle City Detective met with Swan at the New Castle City Police Department, after Swan was transported there by your affiant and the

New Castle City Detective. After Swan was informed of his rights and signed a *Miranda* waiver, he admitted to selling counterfeit FRNs on two occasions. The first occasion was prior to the NCPD CI's April 24, 2008, arrest. Swan said he sold the NCPD CI approximately $200.00 in counterfeit FRNs for approximately $30.00 in genuine FRNs. The second occasion was during the meeting with the New Castle City Detective on May 1, 2008. Swan stated that on both occasions he received the counterfeit FRNs from "Jerry" (LNU), a neighbor who lives across the street from Swan. Swan also stated that he gave all the money he received from the purchases to "Jerry" and, in return, received, "a little bit of crack."

6.   On May 9, 2008, Swan arranged a meeting between the undercover New Castle City Detective working on the case, Jerry (subsequently identified as Jerry Holman) and the manufacturer of the counterfeit (subsequently identified as Steven Taylor). In telephone conversations your affiant directed Swan to make, a deal was struck between Holman and Swan for Holman and the counterfeit manufacturer Taylor to exchange $2,000.00 in counterfeit FRNs for $500.00 in genuine currency provided by the New Castle City Detective acting in his undercover capacity.

7.   On May 9, 2008, your affiant observed Swan, Holman and Taylor meet with the undercover detective at the Four Seasons Shopping Center on Route 896 in Newark, Delaware. Swan introduced Holman to the undercover, and the undercover detective gave Holman $500.00 in genuine currency. This currency was provided to the undercover detective by your affiant prior to the meeting. Holman then gave the undercover detective $1,400.00 in counterfeit FRNs and stated that he couldn't get the full $2000.00. Holman explained that he would have Swan contact the undercover detective in order to set up a meeting to receive the remainder of the $2000.00 counterfeit FRNs. When the undercover began to count the counterfeit FRNs, your affiant, other detectives from the NCPD, agents from the U.S. Postal Service, and agents from the U.S. Secret Service arrested Holman and Taylor. During a search incident to arrest, agents on the arrest team recovered the $500.00 genuine currency and two torn up counterfeit $50.00 FRNs from Holman. The serial numbers on the torn up counterfeit FRNs match the serial numbers on the bills provided to the undercover detective. Specifically, the counterfeit FRNs that were seized during Holman and Taylor's arrest were eighteen (18) counterfeit $50.00 FRNs, 2001 Series serial number CF16998361A, two (2) torn $50.00 FRNs bearing the same serial number, and five (5) counterfeit $100.00 FRNs, 1996 Series serial number AB75569772K, for a total of twenty-five counterfeit FRNs with a total face value of $1500.00.

  Based on my training and experience and the foregoing facts, your affiant submits that the above facts establish that there is probable cause to believe that on or about May 9, 2008, in the District of Delaware, Jerry Holman and Steven Taylor knowingly bought, sold, exchanged, transferred, and delivered false, forged, and counterfeited obligations of the United States as described in paragraph 7 above, with the intent that the same be passed, published, or used as true and genuine, all in violation of 18 U.S.C. § 473 and 2.

                        Andrew Balceniuk
                        Special Agent, U.S. Secret Service

**SWORN AND SUBSCRIBED TO**
this 9th day of May, 2008.

Honorable Mary Pat Thynge
United States Magistrate Judge